274 So.2d 15 (1973)
ACE DELIVERY SERVICE, INC., Appellant,
v.
Pauline PICKETT and State Automobile Mutual Insurance Company, Appellees.
No. 72-26.
District Court of Appeal of Florida, Second District.
February 28, 1973.
*16 David A. Maney, Tampa, for appellant.
John T. Allen, Jr., and Harrison, Greene, Mann, Davenport, Rowe & Stanton, St. Petersburg, for appellees.
BOARDMAN, Judge.
Ace Delivery Service, Inc., plaintiff in the lower court, will hereinafter be referred to as the appellant and Pauline Pickett and State Automobile Mutual Insurance Company, defendants below, will hereinafter be referred to as the appellees.
Appellant appeals timely from a final order in favor of the appellees dismissing appellant's complaint for want of prosecution under the provisions of Rule 1.420(e) RCP, 30 F.S.A.
The record discloses that appellant filed its complaint on February 20, 1970, and appellees filed their answer and defenses on March 16, 1970. During the progress of the case the appellant, on March 18, 1970, filed a motion to transfer to the Pinellas County Circuit Court, which motion was denied by the court after hearing on April 7, 1970. The appellee, Pauline Pickett, filed a motion for separate trial on September 28, 1970. No further action was taken in the case until the appellees, on December 8, 1971, filed a motion to dismiss and notice of hearing thereon to be held on December 29, 1971. On the following day, December 9, 1971, the appellant filed interrogatories with the clerk of the Civil and Criminal Court of Record of Pinellas County which contained a certificate of service to the effect that the interrogatories had been served by mail on appellees on December 8, 1971. On December 14, 1971, one of the attorneys of record for the appellant filed an affidavit in opposition to the appellees' motion to dismiss. The trial court, after hearing, granted the appellees' motion to dismiss.
The record, therefore, clearly shows that no action was taken by either party to the cause by the filing of pleadings, order of court, or otherwise for a period exceeding one year.
The question presented to this court is whether the trial court erred in granting the appellees' motion to dismiss for want of prosecution where the appellant served by mail interrogatories upon the appellees on the same day that the appellees filed with the clerk of the court their motion to dismiss.
*17 The appellant contends that service and not filing determines whether action is taken under Rule 1.420(e), RCP.
The appellees contend, on the other hand, that filing and not service is the critical act.
We have carefully read the briefs filed herein by opposing counsel, considered the applicable Rules of Civil Procedure and case law, and are of the opinion that the computation of time set forth in Rule 1.420 (e), RCP, is to be determined by calculating the time between the date of filing of the last affirmative act and the date of filing of the proceedings to abate. See Shalabey v. Memorial Hospital of the South Broward Hospital District, Fla.App. 1971, 253 So.2d 712.
Rule 1.420(e), RCP, provides:
"... All actions in which it does not affirmatively appear from some action taken by filing of pleadings, order of court or otherwise that the same is being prosecuted for a period of one year shall be deemed abated for want of prosecution and shall be dismissed by the court on its own motion or on motion of any interested person, whether a party to the action or not, after notice to the parties; provided that actions so dismissed may be reinstated on motion for good cause, such motion to be served by any party within one month after such order of dismissal."
In considering Rule 1.420(e), RCP, the case of Fund Insurance Companies v. Preskitt, Fla.App. 1970, 231 So.2d 866, held:
"Construing the rule then in effect, a distinction exists between service and filing of a pleading, with the latter controlling under the rule."
The distinction between service and filing of pleadings is also recognized in the following rules of procedure:
Rule 1.080(b), RCP:
"... When service is required or permitted to be made upon a party represented by an attorney, service shall be made upon the attorney unless service upon the party is ordered by the court. Service on the attorney or party shall be made by delivering a copy to him or by mailing it to him at his last known address or, if no address is known, by leaving it with the clerk of the court. Delivery of a copy within this rule shall mean (1) handing it to the attorney or to the party or (2) leaving it at his office with his clerk or other person in charge thereof or (3) if there is no one in charge, leaving it in a conspicuous place therein or (4) if the office is closed or the person to be served has no office, leaving it at his usual place of abode with some person of his family above fifteen years of age and informing such person of the contents. Service by mail shall be complete upon mailing."
Rule 1.080(e), RCP, 30 F.S.A.:
"... The filing of papers with the court as required by these rules shall be made by filing them with the clerk, except that the judge may permit the papers to be filed with him in which event he shall note thereon the filing date and transmit them to the clerk."
The filing required in Rule 1.080(e), RCP, has been construed to mean that the pleading must be actually filed with the court and mere service of pleadings is not sufficient. Pan American World Airways, Inc. v. Gregory, Fla.App. 1957, 96 So.2d 669.
We have examined the affidavit filed in opposition to the motion to dismiss and do not believe that the facts stated therein constitute good cause for the denial of the appellee's motion to dismiss. Dade County v. Moreno, Fla.App. 1969, 227 So.2d 548.
When a motion to dismiss is made, a party is required to show either active prosecution within the preceding year or good cause for his failure to prosecute to avoid dismissal of his complaint. Chrysler Leasing Corp. v. Passacantilli, Fla. 1972, *18 259 So.2d 1; Sroczyk v. Fritz, Fla. 1969, 220 So.2d 908; Fleming v. Florida Power Corp., Fla.App. 1971, 254 So.2d 546; Adams Engineering Company v. Construction Products Corp., Fla.App. 1962, 141 So.2d 300, opinion quashed on other grounds 156 So.2d 497, on remand 158 So.2d 559. The trial court properly exercised his discretion and granted the motion.
Rule 1.420(e), RCP, clearly requires that the pleading be filed with the court in order to toll the running of the year.
Consequently, the order entered by the trial court is hereby
Affirmed.
MANN, C.J., and HOBSON, J., concur.