313 So.2d 125 (1975)
Sidney STEISEL et al., Appellants,
v.
Standford BIRNHOLZ, Appellee.
No. 75-75.
District Court of Appeal of Florida, Third District.
May 20, 1975.
Rehearing Denied June 18, 1975.
*126 Shapiro, Fried, Weil & Scheer, Miami Beach, for appellants.
Stephens, Magill, Thornton & Sevier, and Mark R. Baer and Timothy C. Blake, Miami, for appellee.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
This is an interlocutory appeal by the defendants from an order prosecution in an action for attorneys fees.
The original complaint was filed on November 10, 1972. On November 13, 1973, the defendants filed a notice of taking the plaintiff's deposition, which is the last pleading or paper of record in the court file until December 3, 1974, when the defendants filed a motion to dismiss for lack of prosecution as provided in Rule 1.420(e) RCP. The plaintiff filed a written response and a hearing was held. The plaintiff indicated that some settlement negotiations had taken place between himself and defendants' counsel outside the record within the one year period. The trial court entered an order denying the motion to dismiss without stating a reason therefor, and this interlocutory appeal ensued.
Close scrutiny of the record on appeal fails to disclose any basis in fact or law for denial of the motion to dismiss. If the court denied the motion because of the alleged settlement negotiations, in the context of the instant case, the fact that one of the parties to the litigation discussed a settlement does not constitute the "good cause" contemplated and required by the statute. See Atlantic Coast Line Railroad Company v. Hill, Fla. 1955, 76 So.2d 861, 863, and cases cited therein. The purpose of Rule 1.420(e) "... is best served by recognizing and encouraging as sufficient `prosecution,' action on the part of either party which is more than `a mere passive effort,' when it is an affirmative act directed toward the disposition of the cause." Eastern Elevator, Inc. v. Page, Fla. 1972, 263 So.2d 218, 220. "Necessary `action' is not confined to acts within the record, although of course the act must be `intended and calculated to hasten the suit to judgment.'" Musselman Steel Fabricators, Inc. v. Radziwon, Fla. 1972, 263 So.2d 221, 222. Neither of these standards having been met in this case, we reverse the order of the trial court and direct that the action be dismissed under Rule 1.420(e), RCP.
Reversed.