340 So.2d 1262 (1976)
Leo HENZEL, Appellant,
v.
Richard K. FINK and Sydney L. Syna, Appellees.
No. 76-19.
District Court of Appeal of Florida, Third District.
December 23, 1976.
*1263 E.C. Watkins, Jr., Michael L. Kinney, Tampa, for appellant.
Carey, Dwyer, Cole, Selwood & Bernard, and Steven R. Berger, Miami, for appellees.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
This cause arose as a malpractice action, instituted by the appellant Leo Henzel in 1973, wherein he alleged that the appellee-attorneys had negligently performed their duties while defending him against criminal charges in 1966. Appellant asserted that numerous errors had been committed during the course of the trial and that the appellees had failed to timely file a docket fee in the Fifth Circuit Court of Appeals, causing an appeal from the criminal conviction to be dismissed.
The appellees raised the statute of limitations as a defense to the appellant's claims concerning the manner in which his trial was conducted. Appellees further alleged that they were in no way legally responsible for the docket fee which was not timely filed.
The appellee-defendants filed a motion for summary judgment, which was granted by the trial court. Appellant thereafter filed this appeal, claiming that summary judgment was improper, since a genuine issue of fact existed as to when the appellant first learned of his attorneys' purported negligence.
After examining the record, we feel that we must affirm the trial court's decision. The Supreme Court of Florida has stated that the statute of limitations in a malpractice action against an attorney begins to run when the injured party has notice or knowledge that a cause of action has accrued in his favor. Edwards v. Ford, 279 So.2d 851 (Fla. 1973). The Edwards court cited with approval the following language from an earlier First District opinion:
"`We find it impossible to rationalize how an injured client can be required to institute an action within a limited time after his cause of action accrues if he has no means of knowing by the exercise of reasonable diligence that the cause of action exists. It occurs to us that one should be held in fault for failing to timely exercise a right only if he knows, or by the exercise of reasonable diligence should have known, that such right existed.'"
Edwards, supra, 279 So. at 853, citing Downing v. Vaine, 228 So.2d 622 (Fla. 1st DCA 1969).
In the instant case, the appellant admitted by way of deposition that he was aware of numerous serious "errors" which were committed at the time of the trial. He stated that one of the adverse witnesses lied on the stand, and, further, that he had so informed Mr. Fink's co-counsel, who was actively conducting the appellant's defense. Appellant further stated in his deposition *1264 that a necessary witness was not called to testify and that certain crucial documentary evidence was not presented which was essential to proving the appellant's innocence. By his own words, appellant concedes that he was "shocked" to learn that critical witnesses had not been called and that he was "doubly shocked" to hear that the State had proceeded with his case on a day when he was not present in court. Despite these and other "obvious" errors which the appellant was aware of at the time of his trial, he did nothing until 1973, seven years after he was convicted. Under these circumstances, we feel that the appellant was chargeable with notice of the alleged errors. Had the appellant pursued the matter with any kind of reasonable diligence, he could have been fully apprised of his rights against his attorneys. While knowledge or notice of an attorney's alleged acts of negligence is ordinarily a jury question, Schetter v. Jordan, 294 So.2d 130 (Fla. 4th DCA 1974), we feel that under the facts of this case, the trial judge properly found that no genuine issues of material fact existed as to the alleged negligence at the trial and the appellant's knowledge or notice thereof.
As far as the docket fee is concerned, there appears to be no question that the appellees had at best a moral obligation to pursue what was at that point the latest in a long line of appeals which were filed in the appellant's behalf. The appellant himself was unsure as to whether or not he had engaged the appellee-attorneys to handle his appeal before the Fifth Circuit Court. In fact, it appears that another attorney was handling that appeal.[1] At the same time, Richard Fink stated in his deposition that he had informed the appellant that he wished to have nothing further to do with the criminal proceedings for numerous reasons. In view of these facts, we feel that the trial judge had no choice but to rule that no question of material fact remained concerning the allegedly negligent failure to file the docket fee.
For these reasons, we affirm the trial court's order granting the appellees' motion for summary judgment.
Affirmed.
NOTES
[1] The record clearly indicates that the appellees were predominantly involved in handling civil matters for Mr. Henzel over a number of years. Criminal proceedings were generally handled by other attorneys, with the appellees serving merely in an advisory capacity, if at all, as co-counsel of record. While Mr. Fink was never officially removed as co-counsel of record during the criminal trial in 1966, he withdrew from active participation at an early stage of the proceedings after it was determined that he would be called as a witness.