399 So.2d 375 (1981)
Stanford BIRNHOLZ, Appellant,
v.
Timothy Carl BLAKE, Esquire, Stephens, Magill & Thornton, P.A. and Employers Reinsurance Corporation, Appellees.
No. 80-174.
District Court of Appeal of Florida, Third District.
May 19, 1981.
Rehearing Denied June 25, 1981.
Richard L. Polin, Fort Lauderdale, for appellant.
Jeanne Heyward, Peters, Pickle, Flynn, Niemoeller, Stieglitz & Downs, Ponzoli & Wassenberg, Alfred D. Bieley, Miami, for appellees.
Before HENDRY, NESBITT and FERGUSON, JJ.
NESBITT, Judge.
The primary question presented is whether there was a triable issue of fact as to whether a former client discovered or should have discovered a cause of action against his former attorneys for their alleged professional negligence. Because we find that there was a triable issue of fact, we reverse the order granting summary judgment and remand the cause for further proceedings.
Birnholz, the appellant, is a certified public accountant and an attorney specializing *376 in taxation. From 1970 to 1976, the appellant shared office space with his former attorneys, the appellees. In 1972, Birnholz retained the appellees to collect fees from Steisel, a client, for services rendered. After non-record activity of more than one year in the Birnholz-Steisel action (Steisel I), Steisel filed a motion to dismiss for want of prosecution. The motion was denied by the trial court but reversed by this court on appeal in Steisel v. Birnholz, 313 So.2d 125 (Fla.3d DCA 1975) on May 20, 1975. On June 18, 1975, petition for rehearing was denied. The Florida Supreme Court denied certiorari on March 9, 1976 [Steisel v. Birnholz, 330 So.2d 14 (Fla. 1976)]. On May 2, 1975, prior to our decision in Steisel v. Birnholz, supra, the appellees reinstituted the litigation for Birnholz by filing a ten-count complaint against Steisel claiming fees and services on various theories (Steisel II). On March 9, 1978, Birnholz commenced this action for professional negligence against his former attorneys, the appellees. The appellees then filed a motion for summary judgment asserting that the action was barred by the statute of limitations and, in the alternative, that Birnholz' claims as asserted in the second action, Steisel II, are still viable. The trial court granted the summary judgment on the first ground, which is the subject of the main appeal, and denied summary judgment on the second ground, which is the basis for the appellees' cross-appeal.

THE MAIN APPEAL
It appears that Birnholz performed some services in connection with the Steisel I litigation. He admitted that he was generally aware of the decisions rendered by the courts and the actions taken by his attorney but specifically denied appreciating the legal consequences thereof. In his deposition, he testified that he was assured by the appellees that this court's decision in Steisel I would be quashed or, in the alternative, that he would be adequately protected by instituting the new action, Steisel II, notwithstanding the defense of limitation.
Appellees attempt to support the summary judgment by contending that the two-year period of limitations, prescribed by Section 95.11(4)(a), Florida Statutes (1977),[1] had already elapsed when Birnholz commenced the professional negligence action on May 9, 1978, whether one considers the statute of limitations to have been activated by our decision in Steisel I on May 20, 1975 or by the denial of rehearing entered on June 18, 1975. The relevant provisions of Section 95.11(4)(a) provide: "that the period of limitations shall run from the time the cause of action is discovered or should have been discovered with the exercise of due diligence." This provision has been uniformly construed to mean that "the event which triggers the running of the statute of limitations is notice to or knowledge by the injured party that a cause of action has accrued in his favor, and not the date on which the negligent act which caused the damages was actually committed." [emphasis supplied] Edwards v. Ford, 279 So.2d 851, 853 (Fla. 1973), adopting (and quoting) Downing v. Vaine, 228 So.2d 622, 625 (Fla.1st DCA 1969); accord, Schetter v. Jordan, 294 So.2d 130 (Fla.4th DCA 1974).
Appellees rely upon our decision in Henzel v. Fink, 340 So.2d 1262 (Fla.3d DCA 1976), cert. denied, 348 So.2d 948 (Fla. 1977). We readily distinguish that decision because there seven years had elapsed after the client had learned everything he was ever going to know about the case and his cause of action was complete. Appellees further rely upon Watson v. Dorsey, 265 Md. 509, 290 A.2d 530 (1972). In Watson, the client's cause of action against his former attorney was barred by the statute of limitations because the client was aware at the termination of the litigation that the failure on the part of the attorney to call key witnesses, whose names were supplied by the client, caused the entry of the adverse judgment. There, too, the client was fully aware of the attorney's negligent act at the time the litigation terminated.
*377 In the present case, though Birnholz knew of the existence of our decision in Steisel I which ordered dismissal of his cause of action for want of prosecution, that knowledge alone was not dispositive of the question. Birnholz was only put on notice of the possible negligence of his attorneys and not of his injury or damages. The appellees' assurances to Birnholz that our decision would be quashed by the Supreme Court (which it was not) or, in the alternative, the reassurances that the action could be successfully reinstituted (Steisel II), over the defense of limitations, only served to allay his concern about actual injuries. It is settled that the essential elements of a cause of action accrue when the last element necessary to constitute the cause of action occurs.
The essential elements of any cause of action, whether derived from tort, contract, or imposed by statute, are the existence of a legal right in plaintiff, with a corresponding duty in defendant, coupled with a violation of that duty which results in injury or damages to the plaintiff.
Heard v. Mathis, 344 So.2d 651, 655 (Fla.1st DCA 1977).
The facts presented in this case are similar to those in Burnside v. McCrary, 382 So.2d 75 (Fla.3d DCA 1980) with the exception that Burnside was a layman while Birnholz is an attorney. In Burnside v. McCrary, the client was reassured by the attorney that the dismissal of his cause of action could be rectified by "the filing of a couple of motions." There, the court found that the allegations of the attorney's reassurances to the client were sufficient to create an issuable matter of fact as to whether his malpractice action had yet accrued. Of course, when the matter is returned and ultimately disposed of by the trier of fact: the fact that Birnholz is himself an attorney; that he performed some of the services on his own behalf; and his general knowledge of the foundation facts, most assuredly may be presented to the trier of fact as bearing upon the ultimate issue to be resolved by it as to whether or not Birnholz was on notice or should have been on notice of the appellees' alleged negligence. Smith v. Hussey, 363 So.2d 1138 (Fla.2d DCA 1978).

THE CROSS-APPEAL
In response to Birnholz' complaint, the appellees filed an answer containing a general denial as well as an affirmative defense asserting that at the time this action was filed all of Birnholz' claims against Steisel were still pending in Steisel II. The appellees presented this affirmative defense in their motion for summary judgment which was denied. Consequently, they have cross-appealed this interlocutory aspect of the final judgment which is presented here for review.
Birnholz' action for malpractice was filed following the termination of the Steisel I litigation but while the litigation in Steisel II was still pending. The Steisel II action filed on May 2, 1975 contained a ten-count complaint. The trial court entered summary judgment for Steisel and the other defendants as to eight of the counts on the ground that the applicable statute of limitations had expired. This court, in an opinion filed February 24, 1981, affirmed the entry of summary judgment as to all but one of the counts. Birnholz v. Steisel, 394 So.2d 523 (Fla.3d DCA 1981). The net effect is that certain of Birnholz' claims against Steisel and the other defendants are still viable and pending in the Steisel II action. For this reason, we find that the trial court improperly denied the appellees' motion for summary judgment which was based on the ground that Birnholz' claims were still viable and pending and therefore we must also reverse this aspect of the judgment cross-appealed. We do so out of the recognition that should Birnholz ultimately prevail, either in whole or in part against Steisel, the appellees would be in a position to reassert this affirmative defense. It is also pertinent to recognize that because certain of Birnholz' claims against Steisel are still viable and pending in the trial court, he may never suffer any damage and, consequently, it *378 may be that any cause of action against the appellees has yet to accrue. Heard v. Mathis, supra.
This appeal might have been entirely averted and much trial court litigation avoided had the action been stayed until the final disposition of the Steisel II action. It is understandable that parties, in this zeal, each have a peculiar motive to progress this action, but that alone is not a sufficient reason for the trial court to have accommodated them. That is why trial courts are given great latitude for the management and control of a calendar. After the considerable expenditure of time, effort, fees, and judicial labor, this case is back to Square One.
Reversed and remanded.
NOTES
[1] The applicable two-year period of the statute of limitations for professional malpractice has remained the same throughout the entire period of this controversy.