400 So.2d 521 (1981)
J.R. CARTER D/B/a Conch Country Real Estate, Appellant,
v.
George H. DeCARION, Raymond V. Long, Jr. and Knox Wolaver D/B/a Buttonwood Bay Associates, Appellees.
No. 80-1024.
District Court of Appeal of Florida, Third District.
June 16, 1981.
Rehearing Denied July 23, 1981.
*522 Wright & Silverio and Mark V. Silverio, Miami, for appellant.
Corlett, Merritt, Killian & Sikes and Linda Loomis Shelley, Miami, for appellees.
Before HUBBART, C.J., and HENDRY and BASKIN, JJ.
BASKIN, Judge.
J.R. Carter d/b/a Conch Country Real Estate appeals an order of dismissal for failure to prosecute. We affirm.
The last record activity undertaken by appellant prior to the filing of appellees' Motion to Dismiss was a Motion for Protective Order filed on August 14, 1978. Subsequently, appellees filed a Motion to Dismiss for failure to prosecute pursuant to Florida Rule of Civil Procedure 1.420(e)[1], alleging the absence of record activity for a period in excess of a year. The motion bore the stamp of the Monroe County Clerk and was clocked in on September 11, 1979 at 11:02 a.m. On the same day, appellant filed a Notice of Taking Deposition which was stamped in by the clerk at 4:33 p.m.
On March 27, 1980, after conducting a hearing, the court entered an Order of Dismissal. At the hearing, appellant sought to establish that it had filed its Notice of Taking Deposition the day before the date indicated by the clerk's stamp. Appellant argued that even if filed the same day as the Motion to Dismiss, the Notice of Taking Deposition constituted record activity precluding dismissal.
Appellant contends that the trial court abused its discretion in dismissing the cause. According to appellant, the Notice of Taking Deposition precluded dismissal, but if it did not constitute record activity, then good cause to thwart dismissal was shown by settlement negotiations and difficulties involved in obtaining counsel. We disagree.
Rule 1.420(e) is not self-executing. The rule requires the filing of a Motion to Dismiss or action by the court before a cause may be dismissed, Shalabey v. Memorial Hospital of the South Broward Hospital District, 253 So.2d 712 (Fla. 4th DCA 1971), cert. denied, 257 So.2d 562 (Fla. 1972), and such action must be undertaken before there is any further prosecution of the cause, Pollack v. Pollock, 110 So.2d 474 (Fla. 1st DCA), cert. denied, 116 So.2d 761 (Fla. 1959). A party is required to show either active prosecution within the preceding year or good cause for his failure to prosecute to avert dismissal of the cause. Chrysler Leasing Corp. v. Passacantilli, 259 So.2d 1 (Fla. 1972); Ace Delivery Service, Inc. v. Pickett, 274 So.2d 15 (Fla. 2d DCA 1973); Grossman v. Segal, 270 So.2d 746 (Fla. 3d DCA 1972), cert. denied, 274 So.2d 237 (Fla. 1973). It is apparent that appellant's Notice of Taking Deposition, filed on the same day as appellees' Motion to Dismiss, was not filed within the preceding year. The trial court therefore properly exercised its discretion and granted the Motion to Dismiss.
Appellant's argument that the actual filing date occurred the day before the Motion to Dismiss was filed lacks merit. The trial court heard testimony from the clerk and *523 concluded as a matter of fact that filing occurred on the date stamped. We find no error in the trial court's finding.
Appellant urges two reasons for us to find that dismissal was precluded by its showing of good cause for failure to prosecute. It contends that settlement negotiations between the parties and the necessity of substituting counsel for appellant constituted good cause. Neither settlement negotiations, Steisel v. Birnholz, 313 So.2d 125 (Fla. 3d DCA 1975), cert. denied, 330 So.2d 14 (Fla. 1976); Lindquist v. Williams, 262 So.2d 899 (Fla. 2d DCA 1972), nor problems in obtaining counsel constitute good cause. Cf. Florida Power & Light Co. v. Gilman, 280 So.2d 15 (Fla. 3d DCA 1973) (neither change of attorneys nor office error by attorney constitute good cause).
Appellant has failed to demonstrate an abuse of discretion by the trial court; we therefore affirm the dismissal.
NOTES
[1] Fla.R.Civ.P. 1.420(e):

Failure to Prosecute. All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court or otherwise has occurred for a period of one year shall be dismissed by the court on its own motion or on motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a party shows good cause in writing, at least five days before the hearing on the motion, why the action should remain pending. Mere inaction for a period of less than one year shall not be sufficient cause for dismissal for failure to prosecute.