PER CURIAM.
We affirm the summary final judgment entered in favor of the defendant Eugene E. Stearns on the attorney malpractice claim because it was time barred by the applicable two-year statute of limitations. § 95.11(4)(a), Fla.Stat. (1981). The plaintiff Robert A. Howard admittedly learned, no later than May 1978, of a prior judgment entered against him and, with the exercise of due diligence, should have learned shortly thereafter that this was a default judgment entered after his counsel, the defendant Stearns, had withdrawn; the alleged attorney malpractice was that Stearns withdrew without the plaintiff Howard’s knowledge or consent. Without dispute, the plaintiff Howard made only one effort thereafter to contact the defendant Stearns, to wit: he telephoned Stearns’ office only to discover that Stearns was no longer with the law firm where he previously had practiced. The plaintiff should have, at that point, been on notice that something was awry. Instead, he abandoned all inquiries in the matter, disregarded the judgment against him, and took no action whatever until several years later when serious collection efforts were made by the judgment creditor to collect on the judgment. By the time he filed the subject suit, well over two years had expired, as a matter of law, from the time he should have discovered his attorney’s alleged professional negligence. See Henzel v. Fink, 340 So.2d 1262 (Fla. 3d DCA 1976), cert. denied, 348 So.2d 948 (Fla.1977).
We further affirm the final summary judgment entered in favor of the defendant Minnesota Muskies, Inc. on the ground that the plaintiff Howard’s independent action to set aside the above prior judgment as being a fraud on the court created no genuine issues of material fact. As a matter of law, the above-stated, alleged professional negligence of the defendant Stearns in failing to notify the plaintiff Howard concerning the counsel’s withdrawal from the case did not constitute, as asserted, a fraud on the court because (a) the subject conduct was negligence at worst, not fraud, (b) the subject conduct in no way misled the court as to its jurisdiction over the subject matter or parties, and (c) the subject conduct was attributable entirely to the plaintiff’s own counsel. Alexander v. First National Bank of Titusville, 275 So.2d 272 (Fla. 4th DCA 1973).
Affirmed.