# PAN AMERICAN BANK, N.A. v. SOCCORSO
## Case No. M-84-03842-C
County Court, Palm Beach County

January 3, 1985

### APPEARANCES OF COUNSEL

**B. Robertson Cohen** for plaintiff.

**Kent Huffman, Law Office of Mario G. DeMendoza, III,** for defendant.

### OPINION OF THE COURT

ROBERT M. GROSS, County Judge.

This case came before the Court upon Defendant's Motion for Judgment on the pleadings. Based upon its inspection of the Court file, the Court makes the following findings:

1. On January 27, 1978, Defendant executed a Collateral Installment Note in favor of Plaintiff's predecessor in interest.

2. As collateral on the note, Defendant gave the Bank a security interest in a 1972 BMW automobile.

3. Plaintiff contends that it took possession of the collateral on September 25, 1978 and that a $2,450.25 deficiency remained after the sale of the car.

4. Plaintiff contends that demand for payment of the deficiency was made on June 26, 1979.

5. This lawsuit, seeking recovery of the deficiency was filed on April 5, 1984.

Defendant contends that the lawsuit, on its face, is barred by the statute of limitations. Section 95.11(2)(b), Florida Statutes (1983).

The issue in this case is as follows: When does the cause of action accrue in an action for deficiency after a sale of collateral pursuant to Part V, Chapter 679, Florida Statutes.

A cause of action accrues when the last element necessary to constitute the cause of action occurs. Section 95.031(1), Florida Statutes (1983); *Birnholz v. Blake*, 399 So.2d 375 (Fla. 1st DCA 1981).

After default of the debtor, the secured party may pursue two courses of action. He may utilize his security interest to proceed against the personal property or he may ignore his security interest and reduce his claim to judgment. Section 679.501(1), Florida Statutes (1983). If the secured party effects a sale of the collateral, he must account to the debtor for any surplus on the sale and, unless otherwise agreed, the debtor is liable for any deficiency. Section 678.504(2), Florida Statutes (1983). The right of a secured creditor to collect a deficiency from a debtor, as well as the debtor's right to any surplus, cannot be determined until the date of the sale, lease or other disposition of the collateral. Accordingly, the cause of action for any deficiency or surplus under Section 679.504(2) accrues as of the date of the sale or other disposition of the collateral.

In the case at bar, the date of the sale of the car does not appear on the face of the pleadings. Therefore, the Court cannot make a ruling as to the timeliness of this lawsuit. Accordingly, it is

ORDERED AND ADJUDGED that the Defendant's Motion for Judgment on the Pleadings is denied.