CAMPBELL, Acting Chief Judge.
This is an appeal from an order of the trial court that dismissed appellants’ action below against appellees for lack of prosecution pursuant to Florida Rule of Civil Procedure 1.420(e). We reverse.
The parties agree that there was record activity on August 1, 1985, and none thereafter until August 11, 1986. On August 11, 1986, at 7:12 a.m., there were simultaneous filings by the parties. Appellants filed a notice for trial and appellees filed a motion to dismiss for failure to prosecute. The trial judge relying on Carter v. DeCarion, 400 So.2d 521 (Fla. 3d DCA 1981), dismissed the action and held that appellants’ notice for trial was not timely filed and, therefore, it did not defeat appellees’ motion to dismiss for failure to prosecute. The trial judge’s reliance on Carter was misplaced.
In that case, more than one year without record activity had elapsed when a motion to dismiss for failure to prosecute was filed at 11:02 a.m., on September 11, 1979. On the same day, but at 4:33 p.m., the party against whom dismissal was sought filed a notice of taking deposition. The trial judge in Carter dismissed the action and the Third District Court of Appeal affirmed, holding:
Rule 1.420(e) is not self-executing. The rule requires the filing of a Motion to Dismiss or action by the court before a cause may be dismissed, Shalabey v. Memorial Hospital of the South Broward, Hospital District, 253 So.2d 712 (Fla. 4th DCA 1971), cert. denied, 257 So.2d 562 (Fla.1972), and such action must be undertaken before there is any further prosecution of the cause, Pollack v. Pollock, 110 So.2d 474 (Fla. 1st DCA), cert. denied, 116 So.2d 761 (Fla.1959). A party is required to show either active prosecution within the preceding year or good cause for his failure to prosecute to avert dismissal of the cause. Chrysler Leasing Corp. v. Passacantilli, 259 So.2d 1 (Fla.1972); Ace Delivery Service, Inc. v. Pickett, 274 So.2d 15 (Fla. 2d DCA 1973); Grossman v. Segal, 270 So.2d 746 (Fla. 3d DCA 1972), cert. denied, 274 So.2d 237 (Fla.1973). It is apparent that appellant’s Notice of Taking Deposition, filed on the same day as ap-pellees’ Motion to Dismiss, was not filed within the preceding year. The trial court therefore properly exercised its discretion and granted the Motion to Dismiss.
While that holding does conclude with the statement that the “Notice of Taking Deposition, filed on the same day as appel-lees’ Motion to Dismiss” does not defeat the motion to dismiss, the essence of the *345 Carter opinion rests in the fact that the motion to dismiss there was filed prior to the notice of deposition, even though filed on the same day.
Florida courts have repeatedly held, as does Carter, that Rule 1.420(e) requires the filing of a motion to dismiss prior to the resumption of record activity designed to lead to a disposition of the case. Pollack v. Pollock, 116 So.2d 761 (Fla.1959); Cypress Corp. of Florida v. Smith, 218 So.2d 481 (Fla. 2d DCA 1969); Beigel v. Simon, 210 So.2d 473 (Fla. 3d DCA 1968). Appellees’ motion to dismiss filed simultaneously at 7:12 a.m., on August 11, 1986, cannot be held to have been filed prior to appellants’ notice for trial. While it seems unlikely that two documents could in actuality be filed exactly simultaneously, the burden would rest on appellee to demonstrate that its motion to dismiss was filed first. Ap-pellees have not carried that burden.
Reversed and remanded.
FRANK and LEHAN, JJ., concur.