512 So.2d 1148 (1987)
Fred KONSTAND, Vasila Konstand and Bivens Gardens Office Building, Inc., a Florida Corporation, Appellants,
v.
BIVENS CENTER, INC., a Florida Corporation, et al., Appellees.
No. BQ-238.
District Court of Appeal of Florida, First District.
September 24, 1987.
Charles B. Lembcke of Datz, Jacobson & Lembcke, P.A., Jacksonville, for appellants.
Robert M. Foster of Mahoney, Adams, Milam, Surface & Grimsley, P.A., Jacksonville, for appellees, American Bancshares, Inc. and University City Bank.
William E. Kuntz of Smith & Hulsey, Jacksonville, for appellees, Fairfield Communities, Inc., St. Johns Group, Inc., and Charter Advisory Co.
William N. Avera of Avera, Perry & Vloedman, Gainesville, for appellees, First City Bank, John J. Jennings, and Robert Lanzilotti.
SMITH, Chief Judge.
This action was begun by appellants in 1975 and has progressed spasmodically since then. On September 19, 1986, after approximately thirteen months without record activity, several defendants (appellees) *1149 filed motions to dismiss for failure to prosecute. On September 22, 1986, appellants filed a notice of taking depositions. In an affidavit filed in opposition to the motion to dismiss, the secretary for appellants' counsel explained that she prepared the notice of taking depositions on September 17, 1986, and the notices to opposing counsel were placed in the mail that day. However, the original, which was to be sent to the Clerk's office, was inadvertently placed on the wrong stack of papers, was not mailed until a later date, and consequently arrived in the Clerk's office three days after the filing of appellees' motion to dismiss.
Appellants' contention that the service of their notice of taking depositions to opposing counsel prior to the filing of defendants' motions to dismiss satisfies rule 1.420(e), Florida Rules of Civil Procedure, was rejected in the factually similar case of Ace Delivery Service, Inc. v. Pickett, 274 So.2d 15 (Fla. 2d DCA 1973) (computation of time set forth in rule 1.420(e) is to be determined by calculating the time between the date of filing of the last affirmative act and the date of filing of the proceedings to abate). There, the plaintiff had served interrogatories by mail on the same day that defendants filed their motion to dismiss for want of prosecution. Plaintiff's interrogatories were filed with the clerk the day after the defendant's motion to dismiss was filed. Accordingly, no good cause having been shown, the action was dismissed for want of prosecution.
Rule 1.420(e) provides that all actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of one year shall be dismissed by the court on its own motion or on the motion of any interested party. We agree that the "or otherwise" provision of the present rule contemplates unenumerated record activity, and that non-record activity will not preclude dismissal under the rule. This factor alone distinguishes earlier cases relied upon by appellants which were decided prior to amendment of the rule effective January 1, 1977. Since appellants have otherwise failed to demonstrate good cause, see Norflor Construction Corporation v. City of Gainesville, 512 So.2d 266 (Fla. 1st DCA 1987), the order dismissing this action for failure to prosecute should be AFFIRMED.
WENTWORTH and JOANOS, JJ., concur.