544 So.2d 252 (1989)
L.R. CALDWELL, Jr., and Ora O. Caldwell, Individually and As Sole Trustees of Hickory Hammock Farms, Inc., a Dissolved Florida Corporation, Appellants,
v.
Herman MANTEI and Marjorie Y. Mantei, His Wife, Appellees.
No. 88-01545.
District Court of Appeal of Florida, Second District.
May 12, 1989.
Rehearing Denied June 8, 1989.
*253 A. Anne Owens, Lakeland, and Richard A. McKinley, Bartow, for appellants.
Jack P. Brandon and Kerry M. Wilson of Peterson, Myers, Craig, Crews, Brandon & Mann, P.A., Winter Haven, for appellees.
PARKER, Judge.
The Caldwells, individually and as sole trustees of Hickory Hammock Farms, Inc., a dissolved Florida corporation, appeal a final order of summary judgment in favor of appellees, the Manteis. The trial court's order found that Mr. and Mrs. Mantei were, as a matter of law, entitled to foreclosure of certain notes and mortgages owed by the appellants. For the reasons which follow, we reverse and direct that the complaint be dismissed.
The property in question was inherited by the Caldwells from their father, Lapsley R. Caldwell, Sr., who in 1975 borrowed $55,000 from Mr. and Mrs. Mantei. Caldwell, Sr. signed two notes, one for $45,000 and one for $10,000 and mortgaged most of his real property as security for the loan. The notes provided that Caldwell, Sr. would pay twelve percent interest for four years, with the principal balance payable in full by June 1980. Caldwell, Sr. apparently never made any payment of the principal or interest on the loan. The Manteis filed their complaint for foreclosure in June 1985, six days before the expiration of the five-year statute of limitations. The Caldwells responded to the complaint and asserted certain affirmative defenses.
Numerous discussions were conducted between the attorneys for the parties concerning settlement. The Caldwells repeatedly expressed their wish to settle the case and were seeking refinancing in order to do so. However, the parties could never agree upon a settlement amount. On May 19, 1986, the Manteis filed a notice of interrogatories directed to each appellant. The Caldwells responded to the interrogatories on June 12, 1986, and mailed the answers to the Manteis' counsel; however, the answers were not filed in the record until May 28, 1987.
In October 1986, the trial judge requested a status report on the case from the attorneys for each side. The attorneys filed status reports in the nature of letters directed to the judge, in which they indicated that the parties were attempting to settle the case, but that the Manteis had not yet responded to a settlement offer proposed by the Caldwells. Manteis' attorney wrote that if settlement offers could not be exchanged by December 5, 1986, he would notice the case for trial. This was *254 followed by a letter dated December 3, 1986, from the Caldwells' attorney to the trial judge referring to the possibility of a settlement being reached within the next few weeks. No agreement to settle the case was obtained, and no other activity transpired in the record until May 20, 1987, when the Caldwells filed a motion to dismiss for failure to prosecute.
Following a hearing on the motion to dismiss, the trial court denied the motion finding that the responses to the interrogatories constituted record activity within the meaning of Florida Rule of Civil Procedure 1.420(e). The judge further found that even if he had concluded that there had been no record activity for a year prior to the filing of the motion, he would have denied the motion nonetheless on the basis that the Caldwells were estopped to assert the rule in light of their continued insistence upon negotiation and settlement of the debt. The trial court then proceeded to grant the motion of the Manteis for summary judgment seeking foreclosure of the notes and mortgages, plus attorney's fees and costs.
Florida Rule of Civil Procedure 1.420(e) provides as follows:
(e) Failure to Prosecute. All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court or otherwise has occurred for a period of one year shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a stipulation staying the action is approved by the court or a stay order has been filed or a party shows good cause in writing at least five days before the hearing on the motion why the action should remain pending... .
In the case at hand, there was no activity appearing on the record or court file between the filing of the notice of interrogatories by the Manteis on May 19, 1986, and the Caldwells' motion to dismiss for failure to prosecute, dated May 20, 1987, with the exception of the trial court's request for status reports and counsels' responses to that request. The trial court properly ruled that these status requests and reports, albeit record activity, were not sufficient to avoid dismissal, since they did not move the case forward toward disposition. See Norflor Construction Corp. v. City of Gainesville, 512 So.2d 266 (Fla. 1st DCA 1987), review denied, 520 So.2d 585 (Fla. 1988).
The trial court's finding that the responses to the propounded interrogatories constituted "record activity" was error. These responses which were filed after the motion to dismiss are deemed to be nonrecord activity which require dismissal absent a showing of good cause for the delay in prosecution.[*]Konstand v. Bivens Center, Inc., 512 So.2d 1148 (Fla. 1st DCA 1987) (citing Ace Delivery Service, Inc. v. Pickett, 274 So.2d 15 (Fla. 2d DCA 1973)).
Under circumstances such as these where there is only nonrecord activity, the Manteis must show a compelling reason to avoid dismissal. American Eastern Corp. v. Henry Blanton, Inc., 382 So.2d 863 (Fla. 2d DCA 1980). The Manteis, in this case, sought to show estoppel by the Caldwells because of the latter's repeated requests to settle the case. The trial court relied upon this argument as an alternative basis for its decision not to grant the dismissal.
A review of the record does not establish a sufficient basis to support the trial court's finding of estoppel in this case. While there was continued correspondence between the parties' attorneys seeking to arrive at an amicable settlement, there were no representations or actions by the Caldwells that indicated that absent a settlement, they would not proceed to defend the case. The Manteis' attorney also expressed an intent to notice the case for trial *255 if settlement offers could not be exchanged by a certain date. Part of the delay in obtaining a settlement was caused by the fact that the Manteis were residents of New York and represented, in part, by New York counsel, rendering communications and negotiations between the parties difficult. The fact remains, however, that a settlement never materialized, and the Manteis took no action to prosecute the case.
While this court in American Eastern recognized the estoppel argument as a basis for denying a motion to dismiss where there was no record activity, at the same time it recognized that the standard for good cause must be set high. Contrary to these facts, in American Eastern the parties had agreed upon a settlement amount and the delay was caused by defendant's request for additional time to make payment. Also, that case was prosecuted to the point where judgment could be entered, but plaintiff forbore formal entry of judgment at the insistence of defendants. By contrast, the present case was still at the pleading stages and had not yet been noticed for trial.
Here, the parties were attempting to settle the claim but could not reach an agreement. The correspondence exchanged between the parties and with the court was at all times directed at settlement. It has been clearly established that settlement negotiations that do not reach fruition, like those here, are insufficient to establish good cause for failure to prosecute, see Togo's Eatery of Florida v. Frohlich, 526 So.2d 999 (Fla. 1st DCA 1988), much less, compelling cause, as required in American Eastern. See also Eisen v. Fink, 511 So.2d 1092 (Fla. 2d DCA 1987).
In summary, there was no record activity during the crucial period in the case, and the trial court's finding of estoppel as a basis for preventing dismissal is not supported by the record. No compelling reason for the Manteis' delay in prosecuting this case has been demonstrated. Accordingly, the motion to dismiss should have been granted.
Reversed and remanded with directions to the trial court to set aside the final order of summary judgment and to dismiss the complaint.
SCHOONOVER, A.C.J., and ALTENBERND, J., concur.
NOTES
[*] We note that responses to interrogatories apparently are not permitted to be filed unless the court deems they are necessary to resolving the case. See Fla.R.Civ.P. 1.340(e). Nonetheless, regardless of whether the trial court required the responses to be filed in this case, they are considered nonrecord activity, because the responses were not filed until after the motion to dismiss.