PER CURIAM.
The final order dismissing the action below for lack of prosecution under Fla.R. Civ.P. 1.420(e) is affirmed upon a holding that: (1) the trial court had jurisdiction to reconsider a prior ruling denying the defendant’s motion to dismiss for lack of prosecution, see Alabama Hotel Co. v. J.L. Mott Iron Works, 86 Fla. 608, 98 So. 825 (1924); Bettez v. City of Miami, 510 So.2d 1242, 1243 (Fla. 3d DCA 1987); Margulies v. Levy, 439 So.2d 336 (Fla. 3d DCA 1983); (2) the settlement negotiations between the parties herein do not, as urged, constitute “good cause” under Fla.R.Civ.P. 1.420(e) for the admitted lack of record activity of more than one year prior to the filing of the defendant’s motion to dismiss for lack of prosecution, Caldwell v. Mantei, 544 So.2d 252, 254-55 (Fla. 2d DCA 1989); Appraisal Group, Inc. v. Visual Communications, Inc., 426 So.2d 1155, 1156 (Fla. 3d DCA 1983); Steisel v. Bimholz, 313 So.2d 125, 126 (Fla. 3d DCA 1975), cert. denied, 330 So.2d 14 (Fla.1976); and (3) the trial court, therefore, properly dismissed the action below for lack of prosecution. See Norflor Constr. Corp. v. City of Gainesville, 512 So.2d 266, 268 (Fla. 1st DCA 1987), rev. denied, 520 So.2d 585 (Fla.1988); Carter v. DeCarion, 400 So.2d 521, 523 (Fla. 3d DCA 1981), rev. denied, 412 So.2d 464 (Fla.1982); Industrial Trucks of Fla. *759 v. Gonzalez, 351 So.2d 744, 747 (Fla. 3d DCA 1977).
Affirmed.