ON MOTION FOR REHEARING
PER CURIAM.
We deny appellee Orkin Exterminating Company, Inc.’s motion for rehearing, but substitute the following opinion to clarify our March 20, 1991 opinion:
Appellants Nebuchadnezzar and Helen Freeman seek review of the trial court’s final order that dismissed their cause of action for lack of prosecution pursuant to Florida Rule of Civil Procedure 1.420(e). We reverse.
Between November 3, 1988 when appel-lee Orkin Exterminating Company, Inc. filed its answer and affirmative defenses and March 6, 1990 when the trial court filed its notice and motion to dismiss for lack of prosecution the following record activity occurred:
On June 22, 1989, appellants’ first attorney filed a notice of charging lien. On June 26, 1989, appellants’ second attorney filed a stipulation for substitution of counsel. On February 9, 1990, the trial judge entered an order that directed the parties to advise the court within fifteen days as to the status of the ease.[1] The order directed the parties to answer the following questions:
1. Reason case has exceeded time standards:
2. If case has not been noticed for trial, what is the reason:
3. I expect discovery to be substantially completed by:
4. How many days will this case take to try:
Appellant did not respond, but on February 22, 1990, Orkin’s attorney filed a status report that answered the questions as follows:
1. The Plaintiff is deceased.
2. The Plaintiff is deceased.
3. Unknown.
*203 4. 2½.
On March 6, 1990, the trial court gave the parties notice of its motion to dismiss for lack of prosecution and set May 7,1990 as the hearing date. Appellants’ third attorney filed a response and affidavits in opposition to the court’s motion. After the hearing, the trial court “involuntarily dismissed” the case and later denied appellants’ motion for rehearing. On August 7, 1990, appellants filed their notice of appeal.
Initially, we note that rule 1.420(e) includes the phrase “activity by filing of pleadings, order of court or otherwise.”
We need not address the notice of charging lien nor the stipulation for substitution of counsel because appellants have never contended that those events constituted record activity sufficient to toll the one year period of the rule. However, appellants do contend that either the trial judge’s status order or Orkin’s response tolled the time and prevented an involuntary dismissal.
We agree with appellants and hold that the trial court’s status order and Orkin’s response constituted sufficient record activity to prevent a dismissal of the case. The status order asked counsel to respond to questions designed to advance the case toward resolution. In its response, Orkin indicated that the plaintiff (Mr. Freeman) had died which further advanced the case toward resolution. Orkin’s response could be considered the equivalent of the “statement of the fact of death” contemplated by Florida Rule of Civil Procedure 1.260. That rule provides that the deceased plaintiff’s action shall be dismissed unless a motion for substitution of the proper party is made within 90 days after a suggestion of death appears in the record. More than five months passed from Orkin’s response to the notice of appeal, but no one filed a motion for substitution. It appears that a dismissal brought about by the trial court’s status order will resolve the deceased plaintiff’s action. Also, we surmise that the dismissal of Mr. Freeman’s action will most likely advance Mrs. Freeman’s loss of consortium and services action toward resolution.
We distinguish Caldwell v. Mantel, 544 So.2d 252 (Fla. 2d DCA 1989) (trial court’s request for status reports and counsels’ responses, albeit record activity, not sufficient to avoid dismissal, since they did not move the case forward toward disposition) and Norflor Construction Corp. v. City of Gainesville, 512 So.2d 266 (Fla. 1st DCA 1987) (neither trial court’s case status request nor plaintiff’s response rose to level of affirmative action directed toward disposition of case). We agree that neither of those case status requests advanced the respective case toward resolution. In Caldwell the trial court’s order merely requested a “status report on the case” and both counsel filed letter responses that indicated:
[T]he parties were attempting to settle the case. * * * [I]f settlement offers could not be exchanged ... the case would [be] notice[d] for trial.
544 So.2d at 253. In Norflor the trial court’s order merely asked counsel “to advise of status of the case” and the plaintiffs filed a response that stated:
This is a complex construction dispute in which extensive discovery has been conducted and is anticipated in the future. Counsel anticipates filing a Notice of Trial in this action....
512 So.2d at 267.
We need not adopt or reject the holding in Miami Beach Awning Co. v. Heart of the City, Inc., 565 So.2d 739 (Fla. 3d DCA 1990), where the Third District stated that a trial court’s order “setting the cause for a status conference” in and of itself constituted record activity:
[T]he court’s order setting the cause for status conference was, almost by definition, reasonably calculated to advance the cause toward resolution. [Citations omitted.] Since that action, which thus constituted ‘record activity,’ occurred with a year prior to the appellees’ motion to dismiss, the order of dismissal cannot stand.

Id.

Accordingly, we reverse the trial court’s final order of dismissal and remand for *204 further proceedings consistent with this opinion.
REVERSED AND REMANDED.
GARRETT, J., and WALDEN, Senior Judge, concur.
DOWNEY, J., dissents with opinion.

. We believe that had the trial court filed its notice and motion to dismiss for lack of prosecution at this point in the case the purpose for its status order would have been accomplished and the issue of whether its status order or the response constituted record activity would have been avoided.