COPE, Judge.
Jose and Maria Valdes appeal an order dismissing their lawsuit for failure to prosecute, pursuant to Florida Rule of Civil Procedure 1.420(e). We affirm.
In this case plaintiffs-appellants’ lawsuit had no record activity for over a year. Plaintiffs then sent defendant-appellee Lina Perez a demand for judgment under section 768.79, Florida Statutes (1993). The demand did not generate record activity. See id. § 768.79(3). Thereafter, defendant moved to dismiss for failure to prosecute, pursuant to Rule 1.420(e). The trial court granted the motion and dismissed the action.
We conclude that the trial court was correct. “[Wjhere there is only nonrecord activity, the [plaintiffs] must show a compelling reason to avoid dismissal.” Caldwell v. Mantel, 544 So.2d 252, 254 (Fla. 2d DCA 1989) (citation omitted), decision approved, Toney v. Freeman, 600 So.2d 1099, 1101 (Fla.1992). “[S]ettlement negotiations that do not reach fruition ... are insufficient to establish good cause for failure to prosecute, ... much less, compelling cause-” Caldwell v. Mantei, 544 So.2d at 255 (citations omitted); accord Denson v. Meyer, 565 So.2d 758 (Fla. 3d DCA 1990); Carter v. DeCarion, 400 So.2d 521, 523 (Fla. 3d DCA 1981), review denied, 412 So.2d 464 (Fla.1982).* Under the logic of the cited cases, a demand for judgment under section 768.79 is properly classified as a settlement negotiation and does not constitute good cause for failure to prosecute the lawsuit. We are not persuaded by plaintiffs’ argument that a demand for judgment should be treated differently from other settlement negotiations. As we think the case law is clear on the point, we decline the plaintiffs’ request to certify the question.
Affirmed; request for certification denied.

 By contrast, a completed settlement can constitute good cause. Caldwell v. Mantei, 544 So.2d at 255; American Eastern Corp. v. Henry Blanton, Inc., 382 So.2d 863, 866 (Fla. 2d DCA 1980); see also Koenig v. Delotte Haskins & Sells, 474 So.2d 305 (Fla. 3d DCA 1985). The Second District has also suggested that estoppel, or a calamity preventing record activity, can constitute good cause. American Eastern Corp. v. Henry Blanton, Inc., 382 So.2d at 865.