# Third District Court of Appeal

## State of Florida

Opinion filed June 17, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-1569
Lower Tribunal No. 18-8051-CA-01
_____

**Westwind Leasing Corp., etc.,**
Appellant,

vs.

**J.V. Air Maintenance, Inc., etc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Spencer Eig, Judge.

Aero Law Center, and Tami A. Trimming (Fort Lauderdale), for appellant.

Condon & Forsyth, LLP, and Robert C. Owens, John Maggio, and Jessica Latour, for appellee.

Before FERNANDEZ, LOGUE, and LINDSEY, JJ.

LOGUE, J.

The defendant/counter-plaintiff below, Westwind Leasing Corporation,

appeals the trial court's order granting plaintiff/counter-defendant J.V. Air Maintenance, Inc.'s motion to dismiss Westwind's counterclaims for lack of prosecution under Florida Rule of Civil Procedure 1.420(e),[1] and the order denying Westwind's motion for rehearing.

Westwind argues the trial court erred by granting J.V. Air's motion for dismissal where there was "record activity" as set forth in Rule 1.420(e). As a review of the record reflects there was record activity within the relevant timeframe set forth in Rule 1.420(e), we reverse the orders under review.

## BACKGROUND

On March 7, 2025 at 11:34 a.m., Westwind filed its Notice of Serving Initial Disclosures. A few minutes later at 12:38 p.m., J.V. Air filed its motion to dismiss Westwind's counterclaims for lack of prosecution. Westwind filed an opposition, asserting there had been record activity within the ten months preceding J.V. Air's motion to dismiss because Westwind had filed its Notice of Serving Initial Disclosures a few minutes before J.V. Air filed its motion to dismiss for lack of prosecution.

The trial court conducted a hearing on J.V. Air's motion to dismiss. At the hearing, Westwind argued that J.V. Air's motion should be denied

---

[1] This order also dismissed J.V. Air's complaint against Westwind. J.V. Air did not cross-appeal this portion of the order.

because there had been record activity on the docket. The trial court ruled it was dismissing both the action filed by J.V. Air and Westwind's counterclaims because "the occasional annual filings by [Westwind] are a pretext." Thereafter, the trial court entered its written order. The trial court denied Westwind's motion for rehearing. Westwind's timely appeal followed.

## STANDARD OF REVIEW

A trial court's order dismissing a case for lack of prosecution under Rule 1.420(e) is reviewed for abuse of discretion. See Marin-Igarza v. Am. Sales & Mgmt. Org. LLC, 415 So. 3d 899, 899 (Fla. 3d DCA 2025). However, "[t]he issue of whether record activity has occurred within the meaning of rule 1.420(e) is subject to de novo review because 'it involves the construction of a procedural rule.'" Citibank, N.A. v. Konigsberg, 149 So. 3d 1185, 1185-86 (Fla. 2d DCA 2014) (quoting Weston TC LLLP v. CNDP Mktg. Inc., 66 So. 3d 370, 371-72 (Fla. 4th DCA 2011)).

## ANALYSIS

Westwind contends the trial court improperly dismissed its counterclaims for lack of prosecution under Rule 1.420(e). Because a review of the docket reflects that record activity occurred within the ten-month period preceding the service of J.V. Air's motion to dismiss, we reverse the orders under review.

Rule 1.420(e), which sets forth the process for dismissing an action for lack of prosecution, provides in pertinent part as follows:

> **(e) Failure to Prosecute.** In all actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 10 months, and no order staying the action has been issued nor stipulation for stay approved by the court, any interested person, whether a party to the action or not, the court, or the clerk of the court may serve notice to all parties that no such activity has occurred. If no such record activity has occurred within the 10 months immediately preceding the service of such notice, and no record activity occurs within the 60 days immediately following the service of such notice, and if no stay was issued or approved prior to the expiration of such 60-day period, the action shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a party shows good cause in writing at least 5 days before the hearing on the motion why the action should remain pending. Mere inaction for a period of less than 1 year shall not be sufficient cause for dismissal for failure to prosecute.

Rule 1.420(e) sets forth a bright-line and mechanical rule for dismissing an action for lack of prosecution. See Energy Smart Indus., LLC v. Millennium Condo. Ass'n, 314 So. 3d 519, 522 (Fla. 3d DCA 2020). As explained by this Court in Energy Smart:

> As stated in rule 1.420(e), record activity is defined as the "filing of pleadings, order of court, or otherwise." The Florida Supreme Court held that rule 1.420(e) sets forth a bright-line rule for record

4

activity—"any filing of record" within either the ten months immediately preceding the service of a notice of lack of prosecution or the sixty-day period following the service of the notice of lack of prosecution suffices to preclude dismissal for lack of prosecution. The application of this bright-line rule is considered mechanical and consists of a review of the docket.

Id. at 522 (internal citations, footnote, and quotation marks omitted). Further, as explained by the Florida Supreme Court in Wilson v. Salamon, 923 So. 2d 363 (Fla. 2005):

[T]he language of . . . rule [1.420(e)] is clear—if a review of the face of the record does not reflect any activity in the preceding year, the action shall be dismissed, unless a party shows good cause why the action should remain pending; however, if a review of the face of the record reveals activity by "filings of pleadings, order of court, or otherwise," an action should not be dismissed. This construction of the rule establishes a bright-line test that will ordinarily require only a cursory review of the record by a trial court. . . . [T]here is either activity on the face of the record or there is not. We find this bright-line rule appealing in that it establishes a rule that is easy to apply and relieves the trial court and litigants of the burden of determining and guessing as to whether an activity is merely passive or active.

Id. at 368 (internal citations omitted).

Here, contrary to the trial court's finding, record activity occurred within the ten months immediately preceding the service of J.V. Air's motion to dismiss under Rule 1.420(e). Specifically, less than an hour before J.V. Air

5

filed its motion to dismiss under Rule 1.420(e), Westwind filed its Notice of Serving Initial Disclosures pursuant to Florida Rule of Civil Procedure 1.280 to J.V. Air.[2]

In seeking affirmance of the dismissal order, J.V. Air argues that (1) Westwind's Notice of Serving Initial Disclosures does not constitute record activity that would preclude dismissal because the disclosure was filed in response to a rule change that became effective in January 2025, see In re Amends. to Fla. Rules of Civ. Proc., 386 So. 3d 497 (Fla. 2024), and (2) "[t]he procedural posture of this case . . . demonstrates that the trial court's ultimate dismissal functioned as a reconsideration of its earlier ruling allowing the case to remain pending," citing to Denson v. Meyer, 565 So. 2d 758 (Fla. 3d DCA 1990). Both arguments lack merit.

First, despite Westwind's reason for filing its Notice of Serving Initial

---

[2] J.V. Air correctly points out that the Document Identification Number for the Notice of Serving Initial Disclosures is lower than the Document Identification Number of J.V. Air's motion to dismiss under Rule 1.420(e), but also points out that based on the filing time, it appears that the Notice of Serving Initial Disclosures preceded the filing of J.V. Air's motion to dismiss. Here, it is irrelevant which document was filed first because Rule 1.420(e)'s bright-line rule is based not only on the ten-month period preceding the notice that the case will be dismissed for lack of prosecution but also the sixty days following such notice. Assuming J.V. Air's motion to dismiss was filed earlier, Westwind nonetheless filed its Notice of Serving Initial Disclosures within sixty days of the service of J.V. Air's motion to dismiss.

Disclosures, the notice constitutes record activity that precludes dismissal of Westwind's counterclaims under Rule 1.420(e). Second, a review of the trial court's order does not reflect that its ruling was a reconsideration of a prior 2023 ruling allowing the case to remain open.

## **CONCLUSION**

Based on the above analysis, we reverse the orders under review because a review of the record reflects that there was record activity within the timeframes set forth in Rule 1.420(e).

Reversed.