512 So.2d 266 (1987)
NORFLOR CONSTRUCTION CORPORATION, Sunshine Peninsula, Inc., and Commercial Electric Company, Appellants,
v.
CITY OF GAINESVILLE and CH2M Hill Southeast, Inc., Appellees.
No. BR-171.
District Court of Appeal of Florida, First District.
August 26, 1987.
Rehearing Denied September 22, 1987.
*267 Ronald W. Sikes of Ronald W. Sikes, P.A., Orlando, for appellants.
Elvin W. Phillips of Lawson, McWhirter, Grandoff & Reeves, Tampa, for appellee City of Gainesville.
James C. Mize, Jr. of Bull & Mize, Orlando, for appellee CH2M Hill Southeast, Inc.
PER CURIAM.
This is an appeal from a final order dismissing the cause pursuant to Rule 1.420(e), Florida Rules of Civil Procedure, for failure to prosecute. We affirm.
Appellants argue (1) that there was "activity" within the one year period which would qualify under the rule to preclude dismissal, and (2) that counsel's reliance on activity within the one year period constitutes "good cause" so as to avoid dismissal under the rule. The last undisputed "record activity" was the filing by appellants on October 16, 1985, of a notice of taking depositions. Appellee CH2M Hill filed its motion to dismiss for failure to prosecute on October 20, 1986, and appellee City followed with a similar motion on October 24, 1986. Both motions were granted and this appeal followed.
Under issue one, appellants argue that a sua sponte order entered by the court on July 18, 1986, to advise of status of the case, and appellant's response to the order, along with a notice of change of counsel's address, were sufficient record activity to prevent dismissal. We find these arguments of appellants to be unavailing. In Harris v. Winn-Dixie Stores, Inc., 378 So.2d 90, 93 (Fla. 1st DCA 1979), this court stated that the test of sufficiency of the record activity offered to prevent dismissal is: "Activity of record of any party is sufficient if it is more than `a mere passive effort' and is an affirmative act directed toward disposition of the case." In Nelson v. Stonewall Insurance Company, 440 So.2d 664 (Fla. 1st DCA 1983), this court held that a sua sponte order to show cause why an action should not be dismissed for lack of prosecution is not record activity sufficient to preclude dismissal. Although Nelson was decided prior to the adoption of the amendment to Rule 2.085, Florida Rules of Judicial Administration, which requires trial judges to take charge of all cases at an early stage in the litigation, there is no authority or logical reason why the amendment to Rule 2.085 would affect the holding in Nelson. We find no significant difference between the order to advise of status in this case and the show cause order in Nelson; therefore, the order to advise of status is insufficient activity to preclude dismissal.
Having found the order to advise of status insufficient, we turn next to appellants' argument that counsel's response to the order constitutes record activity sufficient to preclude dismissal under the rule. We find no merit in this argument. The "response" relied upon was a typed statement at the bottom of a copy of the Order To Advise of Status, stating: "This is a complex construction dispute in which extensive discovery has been conducted and is anticipated in the future. Counsel anticipates filing a Notice of Trial in this action on or about September 1, 1986." This communication was forwarded to the trial judge with a cover letter stating that opposing counsel were being advised of the response by means of copy of the letter and enclosure. While these efforts on the part of counsel manifested an intention to act  no doubt communicated in good faith  we agree with the trial court that this does not constitute "an affirmative act directed toward disposition of the case." Harris, supra, 378 So.2d at 93.
*268 The notice of change of address is also insufficient record activity to prevent dismissal. It is similar to other record activity held insufficient to preclude dismissal, including the following: filing a motion for substitution of counsel, Gulf Appliance Distributors, Inc. v. Long, 53 So.2d 706 (Fla. 1951); filing a motion to reflect name change and court order thereon, Overseas Development, Inc. v. Amerifirst Federal Savings and Loan Association, 433 So.2d 587 (Fla. 3d DCA 1983), pet. for rev. den., 438 So.2d 833 (Fla. 1983); and filing of a stipulation and order for substitution of counsel, Appraisal Group, Inc. v. Visual Communications, Inc., 426 So.2d 1155 (Fla. 3d DCA 1983).
Appellants also argue that the actual taking of a deposition, pursuant to the October 16, 1985 notice, serves as sufficient "record" activity to prevent dismissal. The deposition itself was taken, both sides agree, on October 17 and 18, 1985. However, no transcript of the deposition was ever filed for record in the court file. Further, it is apparent that even if the taking of a deposition is sufficient activity, this did not occur within one year prior to the City's October 24, 1986 motion to dismiss. Appellant's argument that CH2M's motion to dismiss filed on October 20, 1986,[1] was premature, and thus constituted record activity, has been disposed of adversely to appellants by the Florida Supreme Court's recent decision in Barnett Bank of East Polk County v. Fleming, 508 So.2d 718 (Fla. 1987).
Turning to appellants' second issue, we find that appellants have failed to establish "good cause" so as to avoid dismissal. "Good cause must include contact with the opposing party and some form of excusable conduct or happening which arises other than by negligence or inattention to pleading deadlines." FMC Corporation v. Chatman, 368 So.2d 1307, 1308 (Fla. 4th DCA 1979), cert. denied, 379 So.2d 203 (Fla. 1979). For a party to establish good cause, it must show a compelling reason to avoid dismissal where there has been no record activity. American Eastern Corporation v. Henry Blanton, Inc., 382 So.2d 863 (Fla. 2d DCA 1980).
Events which have been held not good cause under Rule 1.420(e) include: (1) an attorney's misrepresentations and erroneous assumptions, Shanley v. Allen, 346 So.2d 548 (Fla. 1st DCA 1976); (2) misunderstandings between attorneys, Bakewell v. Shepard, 310 So.2d 765 (Fla. 2d DCA 1975); and (3) settlement negotiations which fail to reach fruition, Appraisal Group, Inc. v. Visual Communications, Inc., 426 So.2d 1155 (Fla. 3d DCA 1983). Based on the foregoing, the settlement negotiations, nonrecord conferences, correspondence, and review of records are not good cause for appellants' failure to actively prosecute this litigation. Accordingly, we find no error in the dismissal of this action.
AFFIRMED.
SMITH, C.J., and ERVIN and BOOTH, JJ., concur.
NOTES
[1] October 18, 1986 (one year from the last day of depositions, October 18, 1985) fell on a Saturday. Under Florida Rule of Civil Procedure 1.090(a), a one-year period for performing an act computed from October 18, 1985, would not expire until the end of Monday, October 20, 1986.