PER CURIAM.
We reverse. Before the trial court filed the motion and notice of hearing regarding involuntary dismissal, it entered an order directing counsel to advise it of the status of the case. Defendant Orkin responded. We hold that the trial court’s order and Orkin’s response constitutes record activity sufficient to prevent involuntary dismissal. In so holding, we align ourselves with Miami Beach Awning Co. v. Heart of the City, Inc., 565 So.2d 739, 739 (Fla. 3d DCA 1990), in which the court stated that the trial court’s order setting the action for status conference was “reasonably calculated to advance the cause toward resolution.” Contra Caldwell v. Mantei, 544 So.2d 252 (Fla. 2d DCA 1989); Norflor Construction Corp. v. City of Gainesville, 512 So.2d 266 (Fla. 1st DCA 1987). The order dismissing the cause for lack of prosecution is reversed and the cause remanded for further proceedings.
REVERSED AND REMANDED.
GARRETT, J., and WALDEN, JAMES H., (Retired), Associate Judge concur.
DOWNEY, J., dissents with opinion.