600 So.2d 1099 (1992)
Keith Leroy TONEY, et al., Petitioners,
v.
Nebuchadnezzar FREEMAN, et al., Respondents.
No. 78503.
Supreme Court of Florida.
June 4, 1992.
Robert H. Schwartz of Gunther & Whitaker, P.A., Fort Lauderdale, for petitioners.
Gary H. Marks of the Law Offices of Gary Marks, Fort Lauderdale, for respondents.
GRIMES, Justice.
We review Freeman v. Toney, 591 So.2d 200 (Fla. 4th DCA 1991), because of its conflict with Caldwell v. Mantei, 544 So.2d 252 (Fla. 2d DCA 1989), and Norflor Construction Corp. v. City of Gainesville, 512 So.2d 266 (Fla. 1st DCA 1987), review denied, 520 So.2d 585 (Fla. 1988). We have jurisdiction under article V, section 3(b)(3) of the Florida Constitution.
Freeman sued Toney and Toney's employer, Orkin Exterminating, for injuries arising out of a traffic accident. An answer to the complaint was filed on November 3, 1988. This was the only record activity[1] until February 9, 1990, when the trial judge entered an order providing as follows:
THE FLORIDA SUPREME COURT has established time standards for all types of cases. This case was filed on February 25, 1988 and exceeds the time standards prescribed. It is thereupon
ORDERED that within fifteen (15) days, Counsel for each party shall briefly advise the assigned Judge of its status by mailing the information below.

1. Reason case has exceeded time standards:
2. If case has not been noticed for trial, what is the reason?
3. I expect discovery to be substantially completed by:
4. How many days will this case take to try?
Freeman did not respond to this inquiry, evidently because of a mix-up when Freeman's former attorney left the firm. On February 22, 1990, Orkin filed a status report answering the court's questions.[2]
*1100 On March 6, 1990, the trial court gave the parties notice of its motion to dismiss for lack of prosecution. Freeman's attorney filed a response and affidavits in opposition to the court's motion. After a hearing, the court dismissed the action. On appeal, the district court reversed the dismissal, holding that the trial court's status order and Orkin's response constituted sufficient record activity to prevent a dismissal of the case.
Dismissal for failure to prosecute is governed by Florida Rule of Civil Procedure 1.420(e), which provides as follows:
All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court or otherwise has occurred for a period of one year shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a stipulation staying the action is approved by the court or a stay order has been filed or a party shows good cause in writing at least five days before the hearing on the motion why the action should remain pending. Mere inaction for a period of less than one year shall not be sufficient cause for dismissal for failure to prosecute.
In deciding whether the activity here, a status order and the defendant's response, constitutes record activity sufficient to withstand a motion to dismiss, we begin by noting that not every action taken in a case is sufficient to prevent dismissal under the rule. Record activity must be more than a mere passive effort to keep the case on the docket; the activity must constitute an affirmative act calculated to hasten the suit to judgment. Eastern Elevator, Inc. v. Page, 263 So.2d 218 (Fla. 1972).
Given this definition of record activity, other district courts have held that status orders and responses to those orders do not preclude dismissal under the rule. In Norflor Construction, the court rejected the argument that a sua sponte order entered by the trial court to advise of the status of the case and a response to that order by the plaintiffs were sufficient record activity to prevent dismissal. The court found that these activities did not affirmatively advance the case toward disposition. 512 So.2d at 267. The court characterized the plaintiff's response to the status order as a manifestation of "an intention to act," but not actual record action itself. Id.
Similarly, in Caldwell the court held that a status report requested by the trial judge and responses by attorneys for both parties were insufficient to preclude dismissal, "since they did not move the case forward toward disposition." 544 So.2d at 254.
We find the opinions in Norflor Construction and Caldwell to be consistent with the principle that record activity must advance a case toward resolution. As Judge Downey noted in his dissenting opinion below, "[i]n a stretch of the imagination ... most any activity demonstrates there is life in the case and nudges it along. However, the ideal is to do something affirmative, something of substance." 591 So.2d at 202 (Downey, J., dissenting). Not every paper placed in the court file may be considered as record activity.
We also find this reasoning to be consistent with the spirit and purpose of the rule. Trial judges should be encouraged to take an active role in keeping themselves informed of the cases assigned to them. We refuse to construe appropriate case management activities in such a way as to give the parties leave to ignore the case for another year before dismissal is possible. Such a construction would thwart the purpose of case management and the purpose of the rule itself  to encourage prompt and efficient prosecution of cases and to clear court dockets of cases that have essentially been abandoned.
We reject Freeman's argument that the specific status order and response in this case constituted record activity because the order asked counsel to respond to questions *1101 designed to advance the case toward resolution and because Orkin's response, indicating the plaintiff had died, further advanced the case. The status order was designed to obtain information about the progress of the case; it did not move the case forward in the sense of a progression toward resolution.[3] Although Orkin's response did mention that the plaintiff died, this response did not in and of itself advance the case in any way, but merely attempted to explain the delay in prosecution.[4]
Accordingly, we approve the decisions in Caldwell and Norflor Construction and quash the decision of the court below. We remand to the district court of appeal to allow it to address the issue of whether good cause was shown for failure to prosecute.[5]
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, BARKETT, KOGAN and HARDING, JJ., concur.
NOTES
[1] A notice of charging lien was filed on June 22, 1989. A stipulation for substitution of counsel was filed four days later, on June 26. Freeman does not contend that these filings constituted record activity preventing dismissal for failure to prosecute.
[2] The answers were as follows:

1. The Plaintiff is deceased.
2. The Plaintiff is deceased.
3. Unknown.
4. 2 1/2
[3] This is not to imply that a status order by the trial judge precludes any further record activity by the parties. Indeed, a status order should serve to warn a neglectful plaintiff that the case is in danger of being dismissed, and prod the plaintiff into taking some affirmative record activity, in addition to responding to the court's inquiries.
[4] The district court of appeal reasoned that Orkin's response advanced the case because it was the equivalent of a "statement of the fact of death" under rule 1.260 of the Florida Rules of Civil Procedure. Neither party makes this argument in this Court, and we do not construe Orkin's response as a formal suggestion of death as contemplated by the rule.
[5] Because of its disposition of the case, there was no need for the court below to address any argument which may have been made on the issue of good cause.