618 So.2d 310 (1993)
Joel SAMUELS, Appellant,
v.
PALM BEACH MOTOR CARS LIMITED BY SIMPSON, INC., Robert Simpson, and Norman Gregersen, Appellees.
No. 92-1252.
District Court of Appeal of Florida, Fourth District.
May 5, 1993.
Rehearing and Rehearing Denied June 9, 1993.
Robert F. Jordan of Grevior & Jordan, Fort Lauderdale, for appellant.
Eric D. Isicoff and Rona F. Morrow of Mershon, Sawyer, Johnston, Dunwoody & Cole, Miami, for appellees.
Rehearing and Rehearing En Banc Denied June 9, 1993.
PER CURIAM.
This is an appeal from an order dismissing appellant's complaint for lack of prosecution. We reverse, finding that there was sufficient record activity to preclude dismissal under Florida Rule of Civil Procedure 1.420(e).
Appellees moved to dismiss for lack of prosecution on October 30, 1991, alleging that no record activity had occurred in the preceding twelve months. However, on July 17 of that year, appellant's counsel had attended a court ordered status conference. There was no appearance by appellees' counsel[1]. As a result of appellees' nonappearance at the status conference, appellant obtained a default judgment against appellees which was entered on August 13. After the default judgment was entered, and appellees first learned of the missed status conference, appellees promptly moved to set aside the default on August 15. After a hearing, the trial court vacated the default judgment on August 28, just two months before appellees moved to dismiss for lack of prosecution.
*311 Appellees rely upon the supreme court's recent opinion in Toney v. Freeman, 600 So.2d 1099 (Fla. 1992). Toney addressed the conflict between this court's opinion in Freeman v. Toney, 591 So.2d 200 (Fla. 4th DCA 1991), which held that a trial court's status order and responses thereto constituted record activity sufficient to preclude dismissal under rule 1.420(e), and Norflor Construction Corp. v. City of Gainesville, 512 So.2d 266 (Fla. 1st DCA 1987), review denied, 520 So.2d 585 (Fla. 1988) and Caldwell v. Mantei, 544 So.2d 252 (Fla. 2d DCA 1989), holding to the contrary.
The supreme court quashed the opinion in Freeman v. Toney, and held that the specific status order[2] and responses thereto in that case did not constitute record activity because the purpose of the order was merely for the trial court to obtain information about the status of the case, and the order did not serve to move the case forward in the sense of a progression toward resolution. Id. at 1101. The court noted that trial judges should be encouraged to take an active role in keeping themselves informed of the cases assigned to them. Id. at 1100. However, the court refused to view appropriate case management activities in such a way as to give the parties leave to ignore the case for another year. Id. Such a construction would thwart the purpose of case management and the purpose of the rule itself  to encourage prompt and efficient prosecution of cases and to clear court dockets of cases that have been essentially abandoned. Id.
Toney is distinguishable from the instant case. Toney did not address the issue of whether an order setting a status conference, coupled by the attendance of one or both parties at such a conference constitutes record activity sufficient to preclude dismissal under rule 1.420(e). The third district addressed this very issue in Miami Beach Awning Co. v. Heart of the City, Inc., 565 So.2d 739 (Fla. 3d DCA 1990), holding that a trial court's order setting a cause for status conference, almost by definition, is reasonably calculated to advance the cause toward resolution, thus is sufficient to preclude dismissal for lack of prosecution. Id. at 739. In so holding, the court distinguished Norflor Construction Corp., supra. Id.
We agree with the distinction drawn in Miami Beach Awning Co. between a status order and a status conference. While responses to a status order such as the one entered in Toney are sought simply for the court's own information, the parties' attendance at a status conference can significantly advance a cause toward resolution, for example, by narrowing the issues to be tried or through exploration of settlement possibilities.
In the instant case, appellant was able to obtain a default judgment against appellees by attending the status conference, due to appellees' nonappearance. This not only advanced the cause toward resolution, but conclusively resolved all issues in the case except for damages. Thus, it was an abuse of discretion to dismiss appellant's claim for lack of prosecution as there was ample record activity in this case. The fact that the default judgment was subsequently vacated by the trial court does not change the result.
Therefore, we reverse the order dismissing appellant's claim for lack of prosecution.
Reversed and remanded for further proceedings.
DELL, WARNER and POLEN, JJ., concur.
NOTES
[1] It was later determined that appellees' nonappearance was due to a lack of proper notice.
[2] The status order in Toney contained the following queries:

1. Reason case has exceeded time standards:
2. If case has not been noticed for trial, what is the reason?
3. I expect the discovery to be substantially completed by:
4. How many days will this case take to try? 600 So.2d at 1099.