PER CURIAM.
Appellant seeks reversal of an order dismissing her complaint. We reverse.
Appellant contracted with the appellee for storage of appellant’s household goods. According to the complaint, appellant was notified after appellee took possession of the goods that the storage price initially quoted to her would not be honored. Appellee offered, however, to transfer appellant’s goods to another storage facility at no cost to appellant, and she accepted that offer. According to appellant’s complaint, appellee did not transfer her goods, but sold them instead. Appellant brought suit seeking damages for conversion.
Appellant filed her complaint in September 1990. Appellee responded to the complaint by filing a motion to compel arbitration on the authority of section 682.03, Florida Statutes. Appellee asserted that the controversy arose out of the warehouse agreement which required arbitration of disputes. The lower court agreed, and on January 4, 1991, it filed an order compelling arbitration.
The next record activity in this ease occurred on June 28, 1991, when the court issued a notice of proposed dismissal for the lack of record activity. Approximately a month later, appellant filed a notice of her intent to proceed.
Again, nearly six months elapsed before any record activity occurred. On December 23, 1991, appellant moved for an order requiring appellee to pay the fees for arbitration. According to appellant, she did not have the means to pay the prepayment fees required by the arbitration service. After receiving argument on the motion, the lower *324 court denied it by order filed February 4, 1992.
On March 27, 1992, appellee moved to dismiss the complaint on the ground that appellant had failed to prosecute her claim, and so dismissal was warranted under Rule 1.420(e), Florida Rules of Civil Procedure. After hearing argument of counsel, the lower court dismissed the complaint upon the finding that appellant had “failed to take any affirmative act directed toward the disposition of this case during the year prior to the time that [appellee] filed its motion.... ” Appellant’s motion for rehearing was denied.
While we are of the opinion that the instant case has not proceeded as swiftly as it should have, we cannot agree that dismissal was warranted under Rule 1.420(e). It is true that in order to avoid dismissal, there must be record activity “constituting] an affirmative act calculated to hasten the suit to judgment.” Toney v. Freeman, 600 So.2d 1099, 1100 (Fla.1992). We hold that appellant’s motion to compel payment of arbitration fees, filed in December 1991, was sufficient record activity to make dismissal under Rule 1.420(e) improper.
Accordingly, the order of dismissal is REVERSED and the cause is REMANDED for fiirther proceedings.
SMITH, WOLF and MICKLE, JJ., concur.