KLEIN, Judge.
Plaintiff appeals a dismissal for lack of prosecution, arguing that it was unnecessary for him to take any action during the one year which passed after the case was not reached on a trial docket. We affirm.
*914 Plaintiff was injured in 1986 and filed suit in 1988. After the case was set for trial in March 1990, plaintiff obtained an order of continuance which stated that the matter would be reset on motion of either party. In May 1991 the trial court, sua sponte, set the case for its July 8, 1991 docket, but the case was removed from that docket pursuant to a motion filed by defendant.
The trial court again, sua sponte, reset the case for the docket of October 21, 1991; however, the ease was not reached. The court then entered an order scheduling a mediation conference for November 7, 1991. Defendant filed a notice of offer of judgment on November 12,1991. The mediator filed a report on December 30,1991, stating that the parties did not reach a settlement at the conference held on November 7, 1991.
Defendant moved to dismiss for lack of prosecution on November 13, 1992, asserting there had been no record activity for one year. The court granted the motion and plaintiff appeals.
Plaintiff does not argue that the mediation report constituted sufficient record activity, presumably because the report would be indistinguishable, for this purpose, from a status report, which does not constitute record activity. See, e.g., Toney v. Freeman, 600 So.2d 1099, 1100-01 (Fla.1992); Caldwell v. Mantel, 544 So.2d 252, 254 (Fla. 2d DCA 1989).
What plaintiff does argue is that once a plaintiff files a notice for trial, it is the trial court’s responsibility to set the case for trial and, although there may be no record activity during the next year, the case cannot be dismissed for lack of prosecution. See, e.g., George Hunt, Inc. v. Dorsey Young Constr., Inc., 444 So.2d 65, 66 (Fla. 4th DCA 1984). As defendant points out, however, if plaintiff notices the case for trial and subsequently obtains a continuance, which is what occurred here, that notice for trial will not preclude dismissal. Fishe & Kleeman, Inc. v. Aquarius Condominium Ass’n, 524 So.2d 1012, 1014 (Fla.1988).
In Toney, the only record activity was an order entered by the trial judge which directed each party to advise the court of the status of the case within fifteen days. Plaintiff did not respond because of a mix-up resulting from his lawyer leaving his law firm, but defendant did respond. In reversing and holding that the case should have been dismissed for lack of prosecution, our supreme court stated:
Trial judges should be encouraged to take an active role in keeping themselves informed of the cases assigned to them. We refuse to construe appropriate ease management activities in such a way as to give the parties leave to ignore the case for another year before dismissal is possible. Such a construction would thwart the purpose of case management and the purpose of the rule itself — to encourage prompt and efficient prosecution of cases and to clear court dockets of cases that have essentially been abandoned.
Toney, 600 So.2d at 1100.
We conclude that the present fact situation is more akin to what occurred in Toney, than what occurred in the cases in which plaintiff noticed the case for trial, but the ease was not reached. In those cases the plaintiff did something to get the case set for trial. Here, plaintiff did nothing after getting a continuance. The court set the case for trial, on its own, notwithstanding its prior order providing that the ease would be reset on motion by either party. We conclude that dismissal under these circumstances, is “consistent with the spirit and purpose of the rule.” Id. at 1100.
Affirmed.
HERSEY and WARNER, JJ., concur.