GRIFFIN, J.
This is an appeal of a final order dismissing suit for failure to prosecute. We affirm.
The suit below arose out of the death of twenty-year old Ameena Moossun [“Amee-na”], who died from pneumonia at Sand Lake Hospital in 1994. Ameena had fallen ill while on vacation with her mother in Orlando and the record suggests that her *194 condition was misdiagnosed. Suit was filed by Ameena’s father, Dr. M. Hassen Moossun [“Dr. Moossun”], acting as personal representative of Ameena’s estate.
The case languished following the filing of the amended complaint on November 3, 1997, perhaps because shortly after the filing, plaintiffs out-of-town counsel filed a motion to withdraw. The last filing by a party appears to be a request to produce filed by Orlando Regional Healthcare System [“ORHC”] on January 27, 1998.[1]
In the year following the filing of ORHC’s request to produce, only two documents appear to have been filed in this action. On February 18, 1998, the court issued an order substituting new counsel to represent Dr. Moossun. Then, on January 26, 1999, the trial court issued an “Order Setting Case Management Conference.” The order provided in relevant part as follows:

ORDER SETTING CASE ■MANAGEMENT CONFERENCE

After a review of the file, the Court finds the DATE OF LAST RECORD ACTIVITY was: FEBRUARY 18, 1998[2]
IT IS THEREFORE ADJUDGED as follows:
1.UPON RECEIPT OF THIS ORDER, Counsel and Pro Se parties, shall review the case and determine the status thereof. Plaintiff or it’s [sic] Counsel shall deliver by hand or mail DIRECTLY TO THE UNDERSIGNED JUDGE, no later than FIVE (5) DAYS prior to March 19, 1999, a written report of the status of this case, including but not limited to, motions pending, discovery taken and expected, • estimated time to bring action to trial, and the necessary action recommended to be taken to move the case along or close it out. Such report may be in letter form and a copy shall be furnished to the opposing party.
2. THERE WILL BE A CASE MANAGEMENT HEARING ON March 19, 1999 at 8:30 A.M., in Courtroom 19-A, (19th floor) Orange County Courthouse, 425 N. Orange Avenue, Orlando, Florida, at which time the Court will review the written status report and determine what matters may aid in the disposition of the action. (No phone hearings)
3. PURSUANT TO RULE 1.200(c), FLORIDA RULES OF CIVIL PROCEDURE, ON FAILURE OF A PARTY TO ATTEND THIS CONFERENCE ON March 19, 1999, THE COURT MAY DISMISS THE ACTION, STRIKE THE PLEADINGS, LIMIT PROF [SIC] OR WITNESSES, OR TAKE ANY OTHER APPROPRIATE ACTION, WITHOUT FURTHER NOTICE.
DONE AND ORDERED at, Orlando, Orange County, Florida this January 26, 1999.
Walter Komanski, Circuit Judge
On January 28, 1999, the defendants moved to dismiss the action for lack of prosecution, asserting that “[t]he last record activity in this case was the Request to Produce served in this action by Defendant, Orlando Regional Health Care System d/b/a Sand Lake Hospital, which was served on January 27,1998.”
*195 Dr. Moossun filed his status report on behalf of Ameena’s estate on March 15, 1999. The report detailed the following non-record activity as the activity which had taken place after February 18, 1998 and up until January 28, 1999, when the motions to dismiss were filed:
A. Obtained Case file from Previous Counsel of Record containing over two thousand pages of loose material shipped to our office by an outside copying facility as arranged by the previous counsel which, as received, were in a state of disarray and disorder.
B. Devoted substantial time and effort to organize, review, and to make an in-depth study of materials provided by previous counsel to my office.
C. Obtained transcripts of Depositions of Plaintiff; Plaintiffs wife and daughter, who were deposed by the Defendants on September 23 — 24, 1997, which was not performed by the previous Counsel of Record.
D. Reviewed and had the deponents review their depositions containing about four hundred pages of testimony.
E. Prepared and furnished errata sheets and subscriptions for each deponent dated April 23, 1998, to the Reporting Company for use and benefit of the defendants. (Copies attached herewith a Appendix “A”).
F. Ongoing necessary research and consultations with professionals of appropriate expertise related to the case.
G. On June 22, 1998, furnished releases from several medical providers as requested by Francis E. Pierce, III, Esquire, for use and benefit of the Defendant Richard P. Nathanson, M.D. (Copies attached herewith as Appendix “B”).
(emphasis in original). The estate’s counsel also asserted that he had been lulled into a false sense of security by statements made by defendants’ counsel that they would work with him towards a settlement and that he could take all of the time he needed. Finally, counsel for the estate noted that it had filed several discovery related requests (such as notice of service of first set of interrogatories to defendants) since the filing of the motions to dismiss for failure to prosecute but appel-lees did not respond.
The trial court held a hearing[3] and entered an order dismissing the case for lack of prosecution on March 24, 1999. The order reviewed the activity set forth in counsel’s letter of March 15,1999 and concluded that none of the activity constituted “record activity” sufficient to preclude dismissal of the action. The court further concluded that the case management order entered by the court was insufficient to establish record activity. The court explained that “[t]he Case Management Order entered was only designed to determine the status of the case and to clear the court’s docket of cases that have been concluded or abandoned.”
The key issue presented by this case is whether the “Order Setting Case Management Conference” which was issued by the trial court on January 26, 1998, constituted sufficient “record activity” within the meaning of Florida Rule of Civil Procedure 1.420(e) to preclude dismissal of the action.
In Toney v. Freeman, 600 So.2d 1099 (Fla.1992), the Supreme Court of Florida held that the trial court’s issuance of a status order asking the parties to advise the court of certain information (including why the case had exceeded the regular time limits set for such cases) was not record activity within the meaning of the rule. The order issued by the trial judge in Toney stated:
THE FLORIDA SUPREME COURT has established time standards for all types of cases. This ease was filed on February 25, 1988 and exceeds the time standards prescribed. It is thereupon
ORDERED that within fifteen (15) days, Counsel for each party shall brief *196 ly advise the assigned Judge of its status by mailing the information below.
1. Reason case has exceeded time standards:
2. If case has not been noticed for trial, what is the reason?
3. I expect discovery to be substantially completed by:
4. How many days will this case take to try?
Id. at 1099. Additionally, in Toney, one of the partiés had filed a status report answering the court’s questions. In holding that a trial court’s status order and a response to that order did not constitute “record activity” sufficient to preclude dismissal, the supreme court cited with approval the holdings in Caldwell v. Mantei, 544 So.2d 252 (Fla. 2d DCA 1989) and Norflor Construction Corporation v. City of Gainesville, 512 So.2d 266 (Fla. 1st DCA 1987), review denied, 520 So.2d 585 (Fla.1988).
Although Toney referred broadly to “case management activities/’ the Fourth District has distinguished the status orders involved in Toney. In Samuels v. Palm Beach Motor Cars Limited by Simpson, Inc., 618 So.2d 310 (Fla. 4th DCA), review denied, 629 So.2d 134 (Fla.1993), the Fourth District held that the issuance of an order by the trial court setting a case for a status conference, coupled with attendance at the conference by one or both parties, was sufficient “record activity” to preclude dismissal of an action for lack of prosecution, because it was reasonably calculated to lead the case to resolution. The Samuels court explained that:
Toney did not address the issue of whether an order setting a status conference, coupled by the attendance of one or both parties at such a conference constitutes record activity sufficient to preclude dismissal under rule 1.420(e). The third district addressed this very issue in Miami Beach Awning Co. v. Heart of the City, Inc., 565 So.2d 739 (Fla. 3d DCA 1990), holding that a trial court’s order setting a cause for status conference, almost by definition, is reasonably calculated to advance the cause toward resolution, thus is sufficient to preclude dismissal for lack of prosecution. Id. at 739. In so holding, the court distinguished Norflor Construction Corp., supra. Id.
We agree with the distinction drawn in Miami Beach Awning Co. between a status order and a status conference. While responses to a status order such as the one entered in Toney are sought simply for the court’s own information, the parties’ attendance at a status conference can significantly advance a cause toward resolution, for example, by narrowing the issues to be tried or through exploration of settlement possibilities.
Id. at 311.
The Fourth District followed Samuels in Brown v. Meyers, 702 So.2d 646 (Fla. 4th DCA 1997), holding that the trial court’s mere issuance of an order setting a case for a status conference was sufficient record activity within the meaning of rule 1.420(e) to preclude dismissal of an action for lack of prosecution. The sole authority cited by the Brown court was Samuels.
Similarly, the Third District has found that the plaintiffs filing of a notice to convene a case management conference was sufficient record activity to preclude dismissal. See Charyulu v. Mercy Hospital, Inc., 703 So.2d 1155 (Fla. 3d DCA 1997), review denied, 717 So.2d 535 (Fla.1998). The entire text of the opinion was as follows:
The plaintiffs filed a Notice to Convene a Case Management Conference less than one year after the occurrence of the last record activity in the case. In view of the fact that we find that the holding of such a conference is designed to move the case forward, it was error for the trial court to dismiss the case for lack of prosecution under Florida Rule of Civil Procedure 1.420(e). Accordingly, the order of dismissal is reversed and *197 this cause is remanded for further proceedings consistent herewith.

Id.

Notwithstanding the distinctions drawn by other courts in Brown, Samuels and Charyulu, this case is controlled by Toney.
AFFIRMED.
THOMPSON, J., concurs,
ORFINGER, M., Senior Judge, dissents, with opinion.

. The request to produce is not contained in the record on appeal. However, the parties appear to agree that the filing of this discovery took place on January 27, 1998 and that it was the last “record activity” prior to the filing of the case management order at issue.

. The February 18, 1998 order substituting new counsel did not constitute record activity. Dion v. Bald, 664 So.2d 348, 349 (Fla. 5th DCA 1995) ("[A] motion to substitute new counsel is not sufficient record activity to prevent dismissal.”); Berenyi v. Halifax Hosp. Medical Center, 498 So.2d 655 (Fla. 5th DCA 1986) (same).

. No transcript of the hearing is contained in the record on appeal.