ORFINGER, M., Senior Judge,
dissenting.
I respectfully dissent.
The “Order Setting Case Management Conference” issued by Judge KomansM is easily distinguishable from the status order in dispute in Toney v. Freeman, 600 So.2d 1099 (Fla.1992). The Toney order merely requested a report which in itself, did nothing to advance the cause to a conclusion. In this proceeding, more is required than a mere status report. The order requires attendance at the hearing (no phone hearings) at which time the court “... will determine what matters may aid in the disposition of the action.”
I agree with the holding in Samuels v. Palm Beach Motor Cars Limited By Simpson, Inc., 618 So.2d 310 (Fla. 4th DCA 1993), rev. denied, 629 So.2d 134 (Fla.1993), in its determination that there is a distinction between a status order such as in Toney, and an order for a case management conference, in that the former is for the court’s own information, while the latter’s requirement that the parties attend a case management conference “... can significantly advance a cause toward resolution, for example by narrowing the issues to be tried or through exploration of settlement possibilities.” The Third District reached a similar conclusion in Charyulu v. Mercy Hospital, Inc., 703 So.2d 1155 (Fla. 3d DCA 1997), rev. denied, 717 So.2d 535 (Fla.1998). My conclusion in this regard is further strengthened by the fact that in both Samuels and Char-yulu, the supreme court denied review. It would seem to me that such sought review would have been granted had the supreme court found a conflict with Toney.
For the reasons expressed, I would reverse. We should clearly note conflict with Samuels, Charyulu, with Brown v. Meyers, 702 So.2d 646 (Fla. 4th DCA 1997), and in my opinion, with Toney itself.