LEWIS, J., dissenting.
The majority’s decision to decline jurisdiction in the instant case extends the rule established in Moossun v. Orlando Regional Health Care, 826 So.2d 945 (Fla. 2002), which I maintain was in error, even further to a scenario that is clearly distinguishable from that case. We clearly have jurisdiction under the authority of Jollie v. State, 405 So.2d 418, 420 (Fla.1981), and the proceedings in this case were even stayed due to our consideration of Moos-sun. The result of the Court’s decision in this case is an ever-widening circle of Floridians being artificially precluded from pursuing their legal rights due to an unjustifiably high bar for access to the judiciary created by misguided rule interpretations. Therefore, I must respectfully dissent.
In Moossun, the majority applied the rule established in Toney v. Freeman, 600 So.2d 1099 (Fla.1992), that a status order is not sufficient “record activity” to preclude dismissal of a case for lack of prosecution under rule 1.420(e) of the Florida Rules of Civil Procedure, to instances in which case management conferences — not just status reports — had been ordered. See Moossun, 826 So.2d at 946. I dissented in Moossun because of the meaningful distinction that exists between a mere status request and an order setting a case for conference. Moossun, 826 So.2d at 952 (Lewis, J., dissenting). As I explained in my dissenting opinion, a status request constitutes an attempt by the ordering court to manage its docket, whereas a case management conference is calculated to “ ‘hasten the suit to judgment’ ” as required by Toney as it provides a venue to take any number of aggressive, substantive actions, from expediting discovery to pursuing settlement options to the entry of judgment. See id. at 952 (Lewis, J., dissenting) (quoting Toney, 600 So.2d at 1100).
Even if I had agreed with the majority opinion in Moossun, I would not extend that rule further, as the majority does in the present case, to instances where a case *535 management conference has not only been ordered, but allegedly actually attended by counsel. The extension of Moossun in this regard is simply unjustified. Courts do not squander their own precious resources by convening case management conferences for simply the purpose of passively checking the parties’ status. Such conferences are designed and intended to make meaningful progress toward completion of the case. As any participating attorney should know, one must be prepared to zealously advocate a client’s position in that arena, or risk receiving unfavorable determinations on substantive issues. The analysis and decisions of the district courts of appeal in Samuels v. Palm Beach Motor Cars Ltd. by Simpson, Inc., 618 So.2d 810 (Fla. 4th DCA), review denied, 629 So.2d 134 (Fla.1993), and Miami Beach Awning Co. v. Heart of the City, Inc., 565 So.2d 739 (Fla. 3d DCA 1990), were eminently correct.
For these reasons, I cannot agree that the scheduling of a case management conference and counsel’s actual participation in a case management conference would not constitute sufficient record activity under rule 1.420(e) to preclude dismissal of the case for failure to prosecute. If this result must follow, the rule should be changed. I therefore dissent from the Court’s decision to decline jurisdiction in the instant case, and, consequently, to subject cases presenting the instant factual scenario to the rule established in Moos-sun.