PER CURIAM.
The order dismissing this matter for lack of prosecution is affirmed.
The transfer of the underlying mechanic’s lien on the subject property to a bond pursuant to Section 713.24, Florida Statutes did not advance the litigation, and, in fact, litigation need not even be pending for a property owner to make such a transfer. Thus, the defendant’s motion for a court order specifying the proper amount of the transfer bond, and the agreed order entered on that motion, is not sufficient “record activity” to preclude dismissal for lack of prosecution under Rule 1.420(e), Florida Rules of Civil Procedure. Sheen v. Time Inc. Magazine Co., 817 So.2d 974, 976 (Fla. 3d DCA 2002)(“[N]ot every document filed in a case qualifies as record activity ... the activity must constitute an affirmative act calculated to hasten the suit to judgment.”) Neither the order specifying the amount required to transfer the lien to a bond, nor the underlying motion, is activity designed to move the case forward toward a conclusion on the merits, or hasten the suit to judgment, or advance the case toward resolution in any way. Moossun v. Orlando Regional Health Care, 826 So.2d 945 (Fla.2002); Toney v. Freeman, 600 So.2d 1099 (Fla.1992).
There was no sufficient record activity for over a year, and no showing of good cause made by plaintiff to preclude dismissal under Rule 1.420(e). National Enterprises, Inc. v. Foodtech Hialeah, Inc., Ill So.2d 1191 (Fla. 3d DCA 2001).
Affirmed.